UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN G. LATHAM, JR., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 24-12137-FDS |
| WILLIAM HUNT RESS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

SAYLOR, C.J.

### I.  Background

On August 19, 2024, Lincoln G. Latham, Jr., a resident of Randolph, Massachusetts, initiated this action by filing a self-prepared "Complaint for Restraining-Order against Defendant [Issued Pursuant to 5th Amendment of U.S. Constitution]." Dkt. No. 1 ("Compl."). Two days later, on August 21, 2024, plaintiff filed a motion for discovery. The case caption of the complaint and motion both identify the defendant as William Hunt Ress, Mental Health Worker, 460 Quincy Ave., Quincy, Massachusetts.

The complaint consists primarily of a recounting of events surrounding the defendant's alleged efforts to prevent plaintiff from residing in his father's apartment. It asserts an action for the "offense" of "Malicious Evictions Planning" in violation of the "5th Amendment of the U.S. Constitution." Compl. at ¶ 3. It alleges that the defendant mental-health counselor "verbally attacked the plaintiff" and "demanded that [plaintiff] be evicted from being a guest at [his

father's] home in Randolph." *Id.* at ¶ 1.  It further alleges that it is "unlawful" for defendant "to explore the possibility of removing [plaintiff] from [his father's] home."  *Id.* at ¶ 4.

For relief, the complaint seeks waiver of the filing fee and monetary damages.  *Id.* at ¶ 6.  It also seeks to have this court enter an order for defendant to "stay away" from the apartment complex and for the property supervisor to "design a Funding Format Agreement for guest of relatives."  *Id.*

In his motion for discovery, plaintiff alleges that the defendant "violated the 8th Amendment of the U.S. Constitution."  Dkt. No. 3 at ¶ 5.  He seeks to have this court order the defendant "to stop imposing cruel and unusual punishments such as Slavery by wrongly forbidding Lincoln G. Latham Jr from stating he is the child of his parents Lease Offer."  *Id.* at ¶ 6.

For the reasons stated below, plaintiff's motion for discovery will be denied.  If he wishes to proceed with this action, he must (1) either pay the filing fee or file a motion for leave to proceed *in forma pauperis* and (2) file an amended complaint that provides a basis for subject-matter jurisdiction and states a plausible claim upon which relief can be granted.

## II. Payment of Filing Fees

Litigants bringing a non-habeas civil action must either (1) pay the $350 filing fee and the $55 administrative fee, *see* 28 U.S.C. § 1914(a)[1]; or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets.  *See* 28 U.S.C. § 1915(a)(1).  The affidavit requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true.  *See* 28

---

[1] The $55 administrative fee does not apply to persons proceeding *in forma pauperis*.  *See* Judicial Conference Fee Schedule.

U.S.C. § 1746 (unsworn declarations under penalty of perjury); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Here, plaintiff has not submitted an affidavit and has not provided the necessary information. If he wishes to proceed with this action, he must either (1) pay the $405 filing and administrative fees or (2) file an Application to Proceed in District Court Without Prepaying Fees or Costs.

### III. Validity of Asserted Claim

Because plaintiff is proceeding *pro se*, the Court must construe his complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although the Court will provide plaintiff with additional time either to pay the filing fee or file a renewed application, he is advised that his complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

The complaint invokes the Court's federal-question jurisdiction, listing the Fifth Amendment as the specific federal law at issue.[2] Plaintiff's contention that his constitutional rights were violated suggests that he may seek to assert a claim under the federal civil-rights statute, 42 U.S.C. § 1983.[3] Speaking broadly, Section 1983 provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations. The provisions of the Fifth Amendment only concern federal action, not state or private action. *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due

---

[2] The Fifth Amendment provides, in relevant part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. V.

[3] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "). Moreover, private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247-48 (1st Cir. 2012); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Here, the defendant is not a federal employee and, to the extent he is an employee of a private or state agency, any alleged violation is not cognizable under the Fifth Amendment.

Congress has also given the federal courts jurisdiction over cases where the court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Here, all the parties are alleged to be Massachusetts citizens and therefore diversity jurisdiction does not exist.

If plaintiff wishes to proceed with this action, he may replead his claims in an amended complaint that sets forth a basis for this Court's subject-matter jurisdiction and states a plausible claim upon which relief can be granted. The filing of an amended complaint completely replaces the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011).

### IV.    Conclusion

For the reasons set forth above,

1. If plaintiff wishes to proceed with this action, he must by September 25, 2024 (1) either pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis* and (2) file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief.

2. The motion for discovery is DENIED.

3. Failure to comply with this Memorandum and Order will likely result in the dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  August 27, 2024